JS-6

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOĞUŞ YAYIN GRUBU A.Ş., a Turkish company; DOGUS MEDIA GROUP GmbH, a German corporation; IŞIL TELEVIZYON YAYINCILIK A.Ş., a Turkish company; STAR AVRUPA RADYO VE TELEVİZYON YAYINCILIĞI A.Ş., a Turkish company; KRAL POP MEDYA HIZMETLERİ A.Ş., a Turkish company; KRAL POP AVRUPA RADYO VE TELEVIZYON YAYINCILIĞI A.Ş., a Turkish company; A YAPIM RADYO VE TELEVIZYON YAYINCILIĞI A.Ş., a Turkish company; NTV RADYO VE TV YAYINCILIĞI A.Ş., a Turkish company; and NTV BATI MEDYA HIZMETLERİ A.Ş., a Turkish company; <br><br> Plaintiffs, <br> vs. <br> DFH NETWORK, INC., a Nevada corporation; IPWORLD TV, INC., a California corporation; DFH MARKETING CORPORATION, a California corporation; and ALINUR VELIDEDEOĞLU, an individual. <br><br> Defendants. | Case No. 8:13-cv-01683-CBM-RNBx <br><br> **ORDER, PREMISED ON PARTIES' STIPULATION, FOR:** <br><br> **(1) FINAL PERMANENT INJUNCTION AGAINST DEFENDANTS;** <br><br> **(2) CONDITIONAL DISMISSAL OF ENTIRE ACTION WITH PREJUDICE; AND** <br><br> **(3) COURT'S RETENTION OF JURISDICTION TO ENFORCE PARTIES' SETTLMENT AGREEMENT AND PERMANENT INJUNCTION** <br><br> JS-6 |

1   WHEREAS, the parties to the above-captioned action (the "Action") having
2   entered into and presented to the Court their "Stipulation For: (1) Final Permanent
3   Injunction Against Defendants; (2) Conditional Dismissal Of Entire Action With
4   Prejudice; And (3) Court's Retention Of Jurisdiction To Enforce Parties' Settlement
5   Agreement And Permanent Injunction" (the "Stipulation") in accordance with their final
6   written "Settlement Agreement" (the "Agreement"); and
7   WHEREAS, the Stipulation provides for, among other things: (a) periodic
8   installment and other payments settlement payments (the "Settlement Payments") to be
9   made by defendants DFH Network, Inc., DFH Marketing Corporation, IPWorld TV, Inc.,
10  and Alinur Velidedeoglu (collectively, the "DFH Parties") to plaintiffs Doğuş Yayin
11  Grubu A.Ş., Dogus Media Group GmbH, Işil Televizyon Yayincilik A.Ş., Star Avrupa
12  Radyo ve Televizyon Yayıncılığı A.Ş., Kral Pop Medya Hizmetleri A.Ş., Kral Pop
13  Avrupa Radyo ve Televizyon Yayinciliği A.Ş., A Yapim Radyo ve Televizyon
14  Yayinciliği A.Ş., NTV Radyo ve TV Yayinciliği A.Ş., and NTV Bati Medya Hizmetleri
15  A.Ş. (collectively, "Dogus Media Group") [hereinafter, the DFH Parties and Dogus
16  Media Group are sometimes collectively referred to as the "Parties"]; (b) the Court's
17  entry of a final and non-appealable permanent injunction against each of the DFH Parties
18  on the same terms and conditions as the preliminary injunction previously entered by the
19  Court in the Action, and (c) the Court's conditional dismissal of the Action in its entirety
20  with prejudice, subject to the Court's retention of jurisdiction of the Action and the
21  Parties so as to, if necessary, enforce the Parties' Agreement and the permanent
22  injunction against the DFH Parties,
23  NOW, THEREFORE, THE PARTIES' STIPULATION IS APPROVED IN ITS
24  ENTIRETY AND IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as
25  follows:
26  / / /
27  / / /
28  / / /

## I. PERMANENT INJUNCTION

The DFH Parties and their respective officers, directors, agents, servants, employees, attorneys, successors, and those persons in active concert or participation with them, are and hereby shall be each permanently enjoined from:

a. Rebroadcasting the transmission of the programs for the EUROSTAR or STAR TV channels via satellite, television, internet, or any other broadcast medium;

b. Rebroadcasting the transmission of the programs for the NTV AVRUPA or NTV channels via satellite, television, internet, or any other broadcast medium;

c. Rebroadcasting the transmission of the programs for the KRAL POP AVRUPA (also known as KRAL WORLD), KRAL POP, or KRAL TV channels via satellite, television, internet, or any other broadcast medium; and

d. Marketing, promoting, or otherwise using the channels and programming of EUROSTAR, STAR TV, NTV AVRUPA, NTV, KRAL POP AVRUPA, KRAL POP, or KRAL TV and their logos, marks, or names in any way or form whatsoever.

This final, permanent injunction shall apply to each of the channels identified above (including their respective logos), whether known or identified by the names or titles listed and their corresponding logos or by other names or titles that they may subsequently come to be known by as well as corresponding logos.

This final, permanent injunction shall be effective as of the date of entry of this Order.

Further, given the DFH Parties' agreement to waive any right to appeal the entry of this Order, the foregoing permanent injunction shall not be appealable by the DFH Parties.

/ / /

## II. CONDITIONAL DISMISSAL OF THE ACTION WITH PREJUDICE

The Action is hereby dismissed in its entirety with prejudice, with each side to bear its own attorney's fees, expenses, and costs, except as otherwise provided for by the Parties in the Agreement. This dismissal is conditioned upon the Court's retention of jurisdiction over this Action and the Parties, both to enforce (and, if necessary, interpret) the terms and conditions of the Parties' Agreement and the foregoing permanent injunction, as set forth below.

## III. RETENTION OF JURISDICTION TO ENFORCE THE PARTIES' SETTLEMENT AND PERMANENT INJUNCTION

The Court shall retain jurisdiction over the Action and the Parties both to enforce the terms and conditions of (a) the Parties' Agreement and (b) the foregoing permanent injunction. In particular, in the event that the DFH Parties fail to make full and timely payment of various installment payments specified in the Agreement, Dogus Media Group may make an *ex parte* application for immediate entry of a consent judgment in the amount of, among other things, the unpaid settlement payments.

Dated: NOVEMBER 17, 2015

_____
Hon. Consuelo B. Marshall
United States District Judge

Approved as to Form and Content:

MASCHOFF BRENNAN LAYCOCK GILMORE ISRAELSEN & WRIGHT PLLC

By: */s/ Sterling A. Brennan*
  Sterling A. Brennan
Attorneys for Dogus Media Group

Dated: November 16, 2015

HAMPTONHOLLEY LLP

By: */s/ Colin C. Holley*
  Colin C. Holley
Attorneys for the DFH Parties

Dated: November 16, 2015

3